UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN M. REIGH,

    Plaintiff,

    v.

WESTROCK PACKAGING SYSTEMS, LLC,
WESTROCK CONVERTING, LLC,
WESTROCK SERVICES, LLC,
WESTROCK CP, LLC, and
WESTROCK MWV, LLC,

    Defendants.

CAUSE NO.: 3:20-CV-1046-TLS

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Certify Issue for Interlocutory Appeal [ECF No. 62], filed on July 1, 2014. The Plaintiff filed a response on August 2, 2024, and the Defendants filed a reply on August 9, 2024.

### BACKGROUND

This premises liability case arises out of an injury the Plaintiff John M. Reigh sustained while working for Venture Logistics, Inc. at the Defendants' Mishawaka facility when he was struck by a stack of cardboard being moved with a forklift by the Defendants' employee Jose Carrera. The Plaintiff alleges that Carrera was negligent by failing to keep a proper lookout, failing to keep control of the forklift, and failing to stop the forklift before colliding with the stack of cardboard that struck the Plaintiff. ECF No. 6.

The elements of a negligence claim under Indiana law are "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Yost v. Wabash Coll.*, 3 N.E.3d 509, 515 (Ind. 2014) (quoting *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011)). For purposes of premises liability, a person entering

the land of another comes upon the land as an invitee, a licensee, or a trespasser. *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991); *Pickering v. Caesars Riverboat Casino, LLC*, 988 N.E.2d 385, 389 (Ind. Ct. App. 2013). A specific duty corresponds to each of these three established categories of visitors:

> A landowner owes the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while he is on the premises. Landowners owe a licensee the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril. This includes the duty to warn a licensee of any latent danger on the premises of which the landowner has knowledge. Finally, the duty owed to a trespasser is the duty to merely refrain from wantonly or willfully injuring him after discovering his presence.

*Rhoades v. Heritage Invs., LLC*, 839 N.E.2d 788, 791 (Ind. Ct. App. 2005) (cleaned up).

The Defendants moved for summary judgment on the duty element, arguing that the Plaintiff lost his status as a business visitor invitee when he entered a restricted area and that the Defendants did not breach the duty owed the Plaintiff as a mere licensee. ECF Nos. 41, 43. Whether a duty exists is a question of law for the court. *Jeffords v. BP Prods. N. Am., Inc.*, 963 F.3d 658, 661 (7th Cir. 2020) (citing *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 537 (1958); *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018)). However, when the existence of a duty turns on factual issues, the factual issues must be resolved by the trier of fact. *See, e.g.*, *Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind. 2004) (*Douglass v. Irvin*, 549 N.E.2d 368, 369 n.1 (Ind. 1990)); *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 709 (7th Cir. 2024) (recognizing that under Wisconsin law the existence of a duty is a question of law when the parties agree upon the facts).

On June 11, 2024, the Court denied the motion for summary judgment. The Court found genuine disputes of material fact as to whether the Plaintiff retained his status as an invitee at the time he was injured, which precluded the Court from determining as a matter of law the duty owed the Plaintiff.

## ANALYSIS

In the instant motion, the Defendants ask the Court to issue a certificate of appealability. The governing statute provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the ligation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). All four criteria must be satisfied. *Id.* at 676. The "question of law" requirement refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Id.* (citations omitted). Thus, it must be "a 'pure' question of law" that the "court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. In other words, "'question of law' means an abstract legal issue." *Id.*

Here, the Defendants seek certification of the following question: "Whether a business invitee's legal status changed to that of a licensee when the person took action inconsistent with that of a business invitee." Def. Br 1, ECF No. 63.

In their opening brief, the Defendants recognize that the Court denied summary judgment based on finding genuine disputes of material fact necessary to determine the Plaintiff's visitor status and the resulting duty. The Defendants then argue that there are no genuine disputes of material fact that the Plaintiff exceeded the scope of his invitation, raising several specific factual and evidentiary issues such as whether the Plaintiff's post-deposition affidavit was properly considered by the Court, whether the area outside the Shipping Office constituted the off-limits

"dock floor," whether the Plaintiff's statements in his affidavit are consistent with the photographic and other evidence, and whether it was physically possible for the Plaintiff to be in the location he indicated based on expert opinion. In other words, answering the question as presented and argued by the Defendants would require the Court of Appeals to determine whether the Plaintiff raised a genuine dispute of fact that he retained his invitee status by examining the evidence, including photographs, deposition testimony, discovery responses, and affidavits.

Although the Defendants maintain they are asking a pure question of law, they do not argue that this Court misstated or misinterpreted the common law on business invitee status, nor do they identify any differing opinions on the common law question they have presented. In its June 11, 2024 opinion, this Court quoted the current, uncontested law on that issue:

> "[T]o *retain* invitee status, the 'invitee must use the owner's premises in the usual, ordinary, and customary way.'" *Pickering*, 988 N.E.2d at 392 (quoting *St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 74, 282 (Ind. Ct. App. 2002)). An invitee may lose his status "when the invitee exceeds the scope of the invitation. *Id.*"

June 11, 2024 Op. & Order 8, ECF No. 59. The Defendants do not acknowledge this law in their briefs, much less identify any differing interpretations of this law to be resolved by the Court of Appeals.

While the Defendants are correct that the determination of whether a duty exists is a question of law for the court, *see Jeffords*, 963 F.3d at 661 (citing *Byrd*, 356 U.S. at 537); *Dunn*, 880 F.3d at 906, the Defendants do not acknowledge that when the existence of a duty turns on factual issues, the factual issues must be resolved by the trier of fact. *See Rhodes*, 805 N.E.2d at 386 (citing *Douglass*, 549 N.E.2d at 369 n.1); *see also Cannon*, 92 F.4th at 709. Here, the Court found on summary judgment that genuine disputes of material fact exist on the question of whether the Plaintiff exceeded the scope of his business invitation. Disputing whether the

Plaintiff raised a genuine dispute of material fact is not a proper basis for interlocutory appeal. *See Ahrenholz*, 219 F.3d at 676 (explaining that the "question of law" requirement refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine *rather than to whether the party opposing summary judgment had raised a genuine issue of material fact*" (emphasis added)).

Because the Defendants have not presented a pure question of law within the meaning of 28 U.S.C. § 1292(b), the Court denies the motion.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Defendants' Motion to Certify Issue for Interlocutory Appeal [ECF No. 62].

SO ORDERED on August 13, 2024.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT